**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Case No.: 20-07364 |
| Jose A. Saldivar, | Chapter 13 |
| Debtor(s). | Hon. David D. Cleary |

**CERTIFICATE OF SERVICE OF AMENDED CHAPTER 13 PLAN**

To:   Please see the attached list

I, Arthur Corbin, certify that I have sent, on February 6, 2023, the Amended Chapter 13 Plan (Official Form 113), dated February 5, 2023, and filed at Docket No. 85, to the entities listed on the attached list in the manner shown and at the address listed, and prepared this Certificate of Service.

Respectfully Submitted,

   */s/ Arthur Corbin*
Arthur Corbin, ARDC #6305658

DATED: February 6, 2023

CORBIN LAW FIRM, LLC
636 S. River Rd., Ste. 201
Des Plaines, IL 60016
Tel: (773) 570-0054
Fax: (773) 570-5449
arthur@corbin-law.com

## SERVICE LIST

**Parties Served by the Court's Electronic Notice for Registrants:**

- Marilyn O. Marshall, Chapter 13 trustee (courtdocs@chi13.com)

**Parties Served via First Class U.S. Mail:**

Advance Paycheck Online
2400 Caton Farm Rd. Unit-P
Crest Hill, IL 60403

Becket and Lee LLP
for American Express NB
PO Box 3001
Malvern, PA 19355-0701

Capital One Bank (USA) NA
American InfoSource as Agent
4515 N. Santa Fe Ave.
Oklahoma City, OK 73118

PRA Receivables Management, LLC
POB 41067
Norfolk, VA 23541

TD BAnk USA NA
c/o Weinstein & Riley PS
2001 Western Ave., Ste. 400
Seattle, WA 98121

Deptartment Store National Bank
c/o Quantum3 Group LLC
PO Box 657
Kirkland, WA 98083-0657

Discover Bank Discover Products Inc
PO Box 3025
New Albany, OH 43054-3025

Jocelyn Contreras
1416 S. River Rd.
Des Plaines, IL 60018

JPMC
National Bankruptcy Services, LLC
PO Box 9013
Addison, TX 75001

Merrick Bank
c/o Resurgent Capital Services
PO Box 10368
Greenville, SC 29603-0368

Nordstrom, Inc.
Jefferson Capital Systems LLC
PO Box 7999
Saint Cloud, MN 56302-9617

OneMain
PO Box 3251
Evansville, IN 47731-0325

Opportunity Financial, LLC
Attn: Bankruptcy
130 East Randolph St. Ste 3400
Chicago, IL 60601

Portfolio Rec/Synchrony Bank
c/o PRA Receivables Mngt. LLC
PO Box 41021
Norfolk, VA 23541

Portfolio Recovery Associates LLC
POB 41067
Norfolk, VA 23541

RISE Credit
Peritus Portfolio Services II, LLC
PO Box 141419
Irving, TX 75014-1419

Resurgent Capital Services -Upgrade
LVNV/Upgrade
PO Box 10587
Greenville, SC 29603-0587

Quantum3 Group
for Comenity Bank
PO Box 788
Kirkland, WA 98083-0788

Resurgent Capital Services
LVNV/Credit One
PO Box 10587
Greenville, SC 29603-0587

Resurgence Capital Services
PO Box 10578
Greenville, SC 29603-0587

| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | **Jose A. Saldivar** | |
| | First Name    Middle Name    Last Name | |
| Debtor 2 | | |
| (Spouse, if filing) | First Name    Middle Name    Last Name | |
| United States Bankruptcy Court for the: | **NORTHERN DISTRICT OF ILLINOIS** | |
| Case number: | **20-07364** | |
| (If known) | | |

✓ Check if this is an amended plan, and list below the sections of the plan that have been changed.
2.1, 2.5, 4.2, 4.3, 4.4, 5.1

Official Form 113

# Chapter 13 Plan

12/17

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ✓ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ✓ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ✓ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1** Debtor(s) will make regular payments to the trustee as follows:

**$268.24** per **Month** for **1** months
**$115.90** per **Month** for **2** months
**$440.90** per **Month** for **9** months
**$616.90** per **Month** for **21** months
**$692.56** per **Month** for **1** months
**$792.70** per **Month** for **26** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2** **Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*

☐ Debtor(s) will make payments pursuant to a payroll deduction order.
✓ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

| Debtor | Jose A. Saldivar | Case number | 20-07364 |
|---|---|---|---|

### 2.3 Income tax refunds.
*Check one.*

☐ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☑ Debtor(s) will treat income refunds as follows:
**On or before April 20th of the year following the filing of the case and each year thereafter, the Debtor(s) shall submit a copy of the prior year's filed federal tax return to the Chapter 13 Trustee. The Debtor(s) shall tender the amount of any tax refund received while the case is pending in excess of $1,200.00 to the Trustee. The tax refunds shall be treated as additional payments into the plan and must be submitted within 7 (seven) days of receipt of each such refunds by the Debtor(s).**

### 2.4 Additional payments.
*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5** The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $**38,725.80**.

## Part 3: Treatment of Secured Claims

**3.1** **Maintenance of payments and cure of default, if any.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☑ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| **Nissan Motor Acceptance Corp.** | **2012 Nissan Altima S 4CYL** | $176.00 Disbursed by: ☐ Trustee ☑ Debtor(s) | Prepetition: $0.00 | 0.00% | Prorata | $0.00 |

*Insert additional claims as needed.*

**3.2** **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3** **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☑ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4** **Lien avoidance**.

*Check one.*

| Debtor | Jose A. Saldivar | Case number | 20-07364 |
|---|---|---|---|

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5  Surrender of collateral.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

### Part 4:  Treatment of Fees and Priority Claims

**4.1  General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2  Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **7.00**% of plan payments; and during the plan term, they are estimated to total $**2,710.74**.

**4.3  Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**4,201.50**.

**4.4  Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
☑ The debtor(s) estimate the total amount of other priority claims to be **$2,731.00**

**4.5  Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

### Part 5:  Treatment of Nonpriority Unsecured Claims

**5.1  Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of $ _____ .
☑ __**60.00**__ % of the total amount of these claims, an estimated payment of $ __**28,501.74**__ .
☑ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ __**0.00**__ . Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2  Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3  Other separately classified nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6:  Executory Contracts and Unexpired Leases

**6.1**  The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

| Debtor | Jose A. Saldivar | Case number | 20-07364 |
|---|---|---|---|

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7: Vesting of Property of the Estate

**7.1** **Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
☑ plan confirmation.
☐ entry of discharge.
☐ other: _____

### Part 8: Nonstandard Plan Provisions

**8.1** **Check "None" or List Nonstandard Plan Provisions**
☑ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

### Part 9: Signature(s):

**9.1** **Signatures of Debtor(s) and Debtor(s)' Attorney**
*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X _____   X _____
**Jose A. Saldivar**                   Signature of Debtor 2
Signature of Debtor 1

Executed on _____           Executed on _____

X  /s/ Arthur Corbin                  Date  2/5/2023
**Arthur Corbin ARDC#6305658**
Signature of Attorney for Debtor(s)

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

| Debtor | **Jose A. Saldivar** | Case number | **20-07364** |
|---|---|---|---|

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | $0.00 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | $0.00 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | $0.00 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | $0.00 |
| e. | **Fees and priority claims** *(Part 4 total)* | $9,643.24 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | $28,501.74 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | $0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | $0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | $0.00 |
| j. | **Nonstandard payments** *(Part 8, total)* + | $0.00 |

| **Total of lines a through j** | $38,144.98 |
|---|---:|